DORADO HANDCRAFT, INC., recurrente, *v.* EL REGISTRADOR DE LA PROPIEDAD DE BAYAMÓN, recurrido.

*Número:* O-69-195      *Resuelto:* 15 de abril de 1970

*Brown, Newsom & Córdova* y *Juan F. Esteves,* abogados de la recurrente; la Registradora compareció por escrito.

EL JUEZ ASOCIADO SEÑOR PÉREZ PIMENTEL emitió la opinión del Tribunal.

Dorado Handcraft, Inc., era una corporación organizada bajo las leyes del Estado Libre Asociado de Puerto Rico y era dueña, entre otros bienes, de un inmueble sito en el barrio Higuillar del término municipal de Dorado, Puerto Rico.

Con fecha 2 de diciembre de 1966, el Sr. Gustav Cohn, Presidente de dicha corporación, suscribió ante notario un Certificado de Disolución por Consentimiento de Todos los Accionistas de la referida corporación según lo autorizan las disposiciones del Art. 1003, párrafo (d) de la Ley General de Corporaciones.

Posteriormente, con fecha 22 de diciembre de 1966, y por la escritura número 116 otorgada ante el Notario Juan F. Esteves, Dorado Handcraft, Inc., representada por su agente especial Lcdo. Enrique Córdova Díaz, traspasó a Gustav Cohn, el inmueble antes mencionado en cumplimiento de un plan de liquidación de la corporación. Cohn era el único accionista de la corporación y pagó el precio de venta con acciones comunes de la corporación.

Por la escritura número 62 otorgada ante el notario Juan F. Esteves el 4 de junio de 1969, los esposos Cohn, representados por su apoderado Lcdo. Enrique Córdova Díaz, vendieron el susodicho inmueble a la corporación C. A. Inversiones Metropolitanas, Inc.

Presentadas dichas escrituras en el Registro de la Propiedad de Bayamón, la Registradora suspendió la inscripción, en cuanto a la primera de dichas escrituras, mediante las siguientes notas:

"Suspendida la presentación de este documento por no haberse acreditado con documento correspondiente la disolución de la Corporación compareciente, según fuera requerido en noti-

ficación de fecha 7 de julio de 1969; a virtud de lo dispuesto en el artículo 19 Ley Hipotecaria de P.R.

.　　　.　　　.　　　.　　　.　　　.　　　.　　　.

Se aclara la Nota que precede para hacer constar que el documento requerido y a que hace referencia dicha nota es la certificación que expide la Secretaría de Estado comprensiva de la disolución de la Corporación compareciente."

Por razón de haberse suspendido la inscripción de la primera escritura, se suspendió la inscripción de la segunda, según la nota de la Registradora.

Las corporaciones pueden disolverse o ser disueltas en la forma prescrita por la Ley de Corporaciones. (Sección 1202.)

La Ley General de Corporaciones establece en su Art. 1003 [14 L.P.R.A. sec. 2003] varios procedimientos para la disolución de una corporación. El apartado (d) de dicho artículo dispone:

"(d) Cuando personalmente o por apoderado debidamente autorizado, todos los accionistas que tuvieren derecho al voto dieren por escrito su consentimiento respecto de la disolución, no será necesaria la celebración de la junta de accionistas. Al radicarse tal consentimiento en las oficinas del Departamento de Estado, éste deberá, tal como se dispone en el apartado (c) de esta sección expedir el certificado de disolución el cual deberá publicarse tal como se dispone en el apartado dicho."

El indicado apartado (c) dispone que cuando la disolución de la corporación se efectúa por votación de los accionistas en una junta, si de la certificación expedida por los jueces que condujeron tal votación, se desprendiere que los tenedores de dos terceras (2/3) partes de las acciones del capital corporativo con derecho al voto, hubieren votado a favor de la disolución, se certificará que la disolución ha sido autorizada con arreglo a disposiciones de la Sec. 2003. Una vez autenticada debidamente dicha certificación por el presidente o el vice-presidente, se radicará en las oficinas del Secretario de Estado y si a juicio del Departamento se hubieren cumplido

los requisitos de dicha sección, el Departmento deberá expedir un certificado en que conste que ha sido radicada la certificación y deberá publicar su certificado en una de las ediciones de un periódico de general circulación publicado en el Estado Libre Asociado. "La corporación quedará disuelta al radicarse en las oficinas del Departamento una declaración jurada del administrador o director del periódico acreditando que se ha publicado una vez en el periódico el certificado antedicho."

■ Toda corporación que se extinga por limitación propia o que de otro modo sea disuelta, continuará como cuerpo corporativo por un término de tres (3) años después de la extinción o disolución, para, entre otros fines, el de liquidar y terminar el negocio, deshacerse de los bienes y traspasarlos, y dividir las acciones del capital.

La junta de directores de una corporación tiene facultad para vender todos sus bienes cuando lo autoricen y como lo autoricen por voto afirmativo los tenedores de la mayoría de las acciones emitidas, en circulación y con derecho al voto, siempre que se emita el voto afirmativo en junta de accionistas debidamente convocada a tales efectos, o cuando se les autorice por el consentimiento escrito de los tenedores de una mayoría de las acciones con derecho al voto emitidas y en circulación excepto cuando se exija en el certificado de incorporación una proporción mayor de los tenedores de dichas acciones. Art. 1001, Sec. 2001 de 14 L.P.R.A.

■ Una corporación está facultada para vender sus bienes lo mismo antes que después de su disolución o durante el proceso de disolución. Como la ley no impide que la corporación venda sus bienes durante el proceso de disolución, el documento requerido por la Registradora en este caso es innecesario para la inscripción de la venta realizada por la corporación.

■ El Art. 1005 de la Ley (14 L.P.R.A. sec. 2005) invocado por la Registradora, preceptivo de que no se expedirá

certificado de disolución alguno con arregló a las disposiciones de las Secs. 2003 y 2004, hasta que se hayan pagado por la corporación, y así lo certifique el Departamento de Hacienda, todas las contribuciones, penalidades o derechos adeudados al Estado Libre Asociado o que puedan imponerse por éste, no es fundamento suficiente en derecho para suspender la inscripción de la venta efectuada por la corporación. No contiene dicho artículo directiva alguna al Registrador para que suspenda o deniegue la inscripción de una venta realizada por la corporación en proceso de disolución. Cuando se ha deseado establecer la prohibición, así se ha hecho expresamente como el caso de la división, distribución o entrega, traspaso, etc., de bienes hereditarios. 13 L.P.R.A. sec. 901.

*Debe revocarse la nota recurrida y ordenarse la inscripción solicitada.*

El Juez Presidente Señor Negrón Fernández, no intervino.